UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 6:03-cr-00609-GRA |
| | ) | |
| | ) | ORDER |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Ferrel Benjamin Gibbs, #10382-171 | ) | |
| | ) | |
| Petitioner. | ) | |

This matter comes before the Court upon the Petitioner's motion to vacate his sentence under Rule of Criminal Procedure 60(b)(4). Gibbs was convicted of violating 18 U.S.C. § 1003 (2000) (Count One), and 18 U.S.C.A. § 1341 (West 2000 & Supp. 2006) (Count Two). Gibbs now argues that he must be released from custody because this Court, the United State's attorney's office and the Bureau of Prisons all lack jurisdiction. Moreover, the petitioner seeks recusal of this Court. After reviewing the petitioner's motions and the record as a whole, the petitioner's requests are denied.

Gibbs brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## **DISCUSSION**

First Gibbs argues that this Court should recuse itself. This issue has been addressed by the Fourth Circuit which held "We find that the district court did not abuse its discretion by denying Gibbs' recusal motion." *United States v. Gibbs*, No. 05-4886, slip op. at 5 (July 31, 2006)(per curiam). Since the time of that decision, no events have occured which would prevent this Court from fairly addressing Mr. Gibbs's claims. The petitioner's request for a recusal is denied.

Second, Gibbs asserts that his case must be dismissed for lack of subject matter jurisdiction. Gibbs argues that the United State's Attorney's Office, this Court and the Bureau of Prisions lacked subject matter jurisdiction. This argument is without merit. The petitioner was convicted of violating 18 U.S.C. § 1003 (2000) (Count One), and 18 U.S.C.A. § 1341 (West 2000 & Supp. 2006) (Count Two), both of which are federal laws. Because "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," this Court properly exercised its subject matter jurisdiction. 18 U.S.C. § 3231.

Second, the petitioner argues that the United State's Attorney's office did not have the "Congressional Authority, i.e. subject matter jurisdiction" to bring this case. This argument is also without merit. Title 28, Section 547 of the United States Code specifically notes that it is the United States Attorney's responsibility to prosecute criminal cases that the United States brings. 28 U.S.C. § 547; *see also United States*

*v. Baldwin*, 541 F.Supp.2d 1184, 1189 (D.N.M.,2008) (stating "States Attorneys serve as the chief federal law enforcement official within each of the nation's ninety-four judicial districts."). Accordingly, the petitioner's argument that the United State's Attorney lacks the authority to prosecute him is without merit.

Finally, the petitioner's argument that the Bureau of Prisons does not have the power to "to calculate a sentence and impose a penalty of incarceration in restraint of liberty for purported violations of statutes" is without merit. It is important to note that the prisoner is not challenging the specific calculation of his sentence, but instead the Bureau of Prison's authority to ever make such a calculation. Under 18 U.S.C. § 3613, the bureau of prisons has the authority to incarcerate one who has been sentenced to a term of imprisonment. Moreover, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355 (1992). Thus, the petitioner's objection is without merit.

## CONCLUSION

Based on the foregoing, the petitioner's request for recusal is DENIED. Additionally, the petitioner's request to vacate his sentence pursuant to Rule 60 is also DENIED.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　*signature*

　　　　　　　　　　　　　　　　　　　　　G. ROSS ANDERSON, JR.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June 17, 2009

NOTICE OF RIGHT TO APPEAL

　　　Petitioner is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.